# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
FABIOLA MERCADO,                     : Index No.:
                                     : Date purchased:
                                     :
                                     : Plaintiff(s) designate(s)
                                     :       BRONX
                                     : County as the place of trial
              Plaintiff,             :
     -against-                       : The basis of the venue is
                                     : Residence of Plaintiff
                                     :
                                     :       SUMMONS
PETSMART,                            :
                                     : Plaintiff resides at
                                     : 29 E Mosholu Pkwy North
                                     : Bronx, New York
              Defendant.             :
------------------------------------x County of Bronx

To the above named Defendant(s)

  **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: May 20, 2021

Defendant Address:

PETSMART
2458 Central Park Avenue
Yonkers, NY 10710

Dominick W. Lavelle
Attorney(s) for Plaintiff
Office and Post Office Address
152 Forest Ave
Locust Valley, New York 11560

st\mercado.993\summons

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------x
FABIOLA MERCADO,

               Plaintiff,          Index No.:

     -against-                Filing Date:

PETSMART,                          VERIFIED COMPLAINT

               Defendant.
---------------------------------------x

Plaintiff, FABIOLA MERCADO, by and through her attorney DOMINICK W. LAVELLE, ESQ, complaining of the defendants, hereby alleges as follows:

1. That at all times hereinafter mentioned, plaintiff FABIOLA MERCADO was and is a resident of the County of Bronx, State of New York, residing at 29 E Mosholu Pkwy North, Bronx, NY 10467.

2. That at all times hereinafter mentioned, and upon information and belief, defendant PETSMART was and is a duly organized domestic corporation or other business entity with an address of 2458 Central Park Avenue, Yonkers, NY 10710.

### AS AND FOR A FIRST CAUSE OF ACTION
(Negligence Against Defendant PETSMART)

3. Plaintiff repeats and realleges each of the allegations contained in paragraph "1" through "2" of the Complaint as if set forth herein at length.

4. Upon information and belief, and at all times hereinafter mentioned, defendant was the owner of a certain PetSmart store located at 2458 Central Park Avenue, Yonkers, NY 10710 (the "Premises").

5. Upon information and belief, and at all times hereinafter mentioned, defendant was the operator of the Premises.

6. Upon information and belief, and at all times hereinafter mentioned, defendant controlled the Premises.

7. Upon information and belief, and at all times hereinafter mentioned, defendant maintained the Premises.

8. Upon information and belief, and at all times hereinafter mentioned, defendant was the managing agent of the Premises.

9. That at all times hereinafter mentioned, the defendant, their employees, servants and agents, operated, controlled, maintained and managed the premises, it being the duty of the defendant, their employees, servants and agents to keep said premises in a safe and habitable condition, to be so constructed,

2

equipped, operated and maintained so as to provide reasonable and adequate protection to the lives, health and safety of all persons and tenants frequenting the Premises.

10. That on or about the 28th day of January, 2021, plaintiff FABIOLA MERCADO was lawfully upon said premises as a customer.

11. That on or about the 28th day of January, 2021, while plaintiff was walking in the store, she slipped and fell on a slippery, wet, spilled liquid on the premises. There was no warning sign of any sort.

12. Plaintiff FABIOLA MERCADO was caused to sustain severe injuries as a result of defendant's negligence, recklessness and wanton disregard in allowing the area where she was injured to be in a dangerous and unsafe condition.

13. Plaintiff's accident was due solely to the negligence, carelessness, recklessness and wanton disregard of the defendant in failing to maintain, prevent and correct the obviously dangerous conditions in the Premises; in permitting the floor to remain in a hazardous, and defective condition for a long period of time prior to plaintiff's accident; in failing to properly notify plaintiff of the dangers; in failing to inspect and clean the defective area before the accident occurred, by failing to provide a caution sign; in failing to rope off the dangerous condition and in sum creating

3

and perpetuating the dangerous conditions which existed for a significant period of time that in the exercise of reasonable care defendant knew or should have known of its existence and corrected it.

14. Defendant created the dangerous condition.

15. Defendant had notice or knowledge of the dangerous condition.

16. Defendant by the exercise of due care and concern, should have had knowledge of the dangerous condition for a long time prior to this accident.

17. That by reason of the defendant's negligence, plaintiff has suffered serious injuries. The injuries are permanent and are the cause of great physical pain and mental anguish, present and future.

18. That the amount of damages alleged herein exceeds the jurisdictional limit of any other inferior court that would otherwise have jurisdiction over this matter.

WHEREFORE, the plaintiff, FABIOLA MERCADO, demands judgment against defendant PETSMART for damages alleged herein in a sum that is both just and fair, the costs and disbursements of this action

4

and such other and further relief this court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Nuisance Against Defendant PETSMART)

19. Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "18" of the complaint as if set forth herein at length.

20. At all times mentioned in this complaint the unsafe condition of the area constituted a nuisance.

21. Defendants negligently and carelessly failed to abate said nuisance which constituted an unsafe and illegal condition in violation of their duty to the public and particularly the plaintiff. Said nuisance existed on the 28th day of January, 2021.

22. Said nuisance was the direct and proximate cause of plaintiffs injuries as described herein.

WHEREFORE, the plaintiff, FABIOLA MERCADO, demands judgment in the second cause of action against all defendants for all damages alleged herein together with the costs and disbursements of this action, and such other and further relief that this court deems just and proper.

5

Dated: Locust Valley, New York
       May 20, 2021

Respectfully submitted,

_____
Dominick W. Lavelle, Esq.
Attorney for Plaintiff
FABIOLA MERCADO
152 Forest Ave
Locust Valley, NY 11560
(516) 739-8111

st\mercado.993\vc

VERIFICATION

EMILY K. LAVELLE, an attorney admitted to practice in the Courts of the State of New York, affirms the following under the penalties of perjury:

I am an associate with the Law Office of Dominick W. Lavelle, the attorney for the Plaintiff FABIOLA MERCADO, for the within action and I am fully familiar with the facts and circumstances herein.

I have read the foregoing SUMMONS & COMPLAINT and know the contents thereof, to be true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are based upon investigation and information gathered in my file.

The reason this verification is being made by the undersigned and not the plaintiffs is that said plaintiffs do not maintain residence in the county where your affirmant maintains his office.

Dated: Locust Valley, New York
      May 20, 2021

Law Offices of Dominick W. Lavelle

Emily K. Lavelle, Esq.
152 Forest Avenue
Locust Valley, New York 11560
(516) 739-8111